# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL SOLIS, | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| v. | ) |
| TRANS UNION, LLC, | ) |
| Defendant. | ) |

COMES NOW Plaintiff, Michael Solis, by and through undersigned counsel, and for his Complaint against the Defendant, Trans Union, LLC, he states and avers as follows:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff against Defendant for the willful, knowing, and/or negligent violation of, *inter alia*, Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.*, known as the *Fair Credit Reporting Act* ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

## PARTIES

2. Michael Solis ("Plaintiff") is a natural person that resides in Wichita, Kansas.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Trans Union, LLC "(Trans Union)" is a limited liability company that regularly transacts business in the state of Kansas, by and through its registered agent, The Prentice-Hall Corporation System, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

5. Trans Union is a national consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

## JUSIDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681*p*.

7. Venue in this District is proper because Plaintiff resides in this District, Defendants transact business in this District, and the conduct complained of occurred in this District.

## BACKGROUND AND FACTUAL ALLEGATIONS

8. In January 2021, Plaintiff decided that he was interested in purchasing a home.

9. In furtherance of that goal, he began focusing his efforts on improving his credit scores so he would be eligible for the best available interest rates.

10. After reviewing his credit reports, he identified several negative accounts reported by a debt collector, Complete Professional Recovery, LLC, ("CPR") that he did recognize.

11. Anxious to ensure his credit report was accurate, on January 11, 2021, Plaintiff contacted Trans Union by letter and requested that each investigate the negative CPR accounts and either delete or correct the inaccurate reporting.

12. Pursuant to 15 U.S.C. § 1681i(a)(2) of the FCRA, Trans Union was then required to reasonably investigate Plaintiff's disputes, as well as forward notice of Plaintiff's dispute to CPR.

13. However, after approximately 30 days, Plaintiff had not received any response from the Trans Union or CPR.

14. On or about February 17, 2021, Plaintiff obtained another copy of his credit report and confirmed that the CPR accounts remained unchanged on his credit file.

15. In fact, the credit reports did not show any indication that the accounts were even investigated – Trans Union had not listed any comments or other notes on the accounts reflecting the accounts as "disputed" or in a dispute status.

16. Plaintiff was very frustrated. Why was no one investigating or responding to his disputes?

17. Wanting to stay vigilant about getting these issues corrected, Plaintiff sent another letter to Trans Union on March 30, 2021, again disputing the inaccurate account information and requesting its removal or correction.

18. Plaintiff waited another 30 days and again, received no response.

19. On or about May 12, 2012, Plaintiff sent a final dispute letter to Trans Union regarding the CPR accounts.

20. Plaintiff has yet to receive any correspondence from Trans Union regarding any of his dispute letters.

21. After contacting Trans Union repeatedly to try to fix the issues on his report, Plaintiff is at a loss as to how to follow, let alone combat, Trans Union's logic in ignoring his dispute letters and its obligations under the FCRA.

22. Trans union has complete control over the credit picture it paints of Plaintiff, yet it refuses to correct, or even investigate, these disputed accounts. Plaintiff feels helpless and hopeless as to what else he can do.

23. Plaintiff fears that he will not be able to obtain an accurate credit report, and so, will continue to be denied his chance to buy a new home, or take advantage of any of countless other credit opportunities he should otherwise be eligible for. This has imposed upon Plaintiff great sadness and frustration, as well as anger and disgust.

24. Plaintiff has lost all trust in the credit reporting system and believes that litigation is his only option to fix his credit report.

## **CLAIM FOR RELIEF**

**Negligent and Willful Violations of 15 US.C. § 1681i(a) and e(b) by Trans union**

25. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

26. A "consumer reporting agency" is defined by the FCRA as follows:

27. [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

28. Trans Union is a "consumer reporting agency" as defined by the FCRA.

29. Section 1681n of the FCRA imposes civil liability on any entity "who willfully fails to comply with any requirement" of the Act. *See* 15 U.S.C. § 1681n(a).

30. Section 1681o of the FCRA provides for civil liability against any entity that is negligent in failing to comply with any requirement imposed under the Act.

31. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681*i*(a)(1). The Act imposes a 30-day time limitation for the completing of such an investigation. *Id.*

32. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681*i*(a)(5)(A).

### **Trans Union's Reasonable Reinvestigation Violations**

33. By letters dated, January 11, 2021, February 18, 2021, March 30, 2021 and May 12, 2021, Plaintiff disputed the CPR accounts reporting to his Trans Union credit report.

34. Plaintiff specifically advised Trans Union that a mistake had been made, provided all necessary information to Trans Union to support same, and requested the trade lines be deleted or updated accordingly.

35. Either Trans Union conducted no investigation of Plaintiff's disputes, or such "investigations" were so lacking as to allow objectively false and highly damaging information to remain in Plaintiff's credit file.

36. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Trans Union willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1).

37. As a direct and proximate result of Trans Union's repeated disregard for each of Plaintiff's disputes, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

38. As a direct and proximate result of Trans Union's willful and/or negligent refusal to remove false information from Plaintiff's credit report upon dispute as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to economic and noneconomic loss such as loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

39. Upon information and belief, Trans Union has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in such files,

ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

40. Trans Union's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681*n*.

### Trans Union's Failure To Follow Reasonable Procedures To Assure Maximum Possible Accuracy

41. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

42. On numerous occasions, Trans Union has prepared a patently false consumer report concerning Plaintiff.

43. Despite actual and implied knowledge that the accounts contained inaccurate information, Trans Union readily sold such false reports to one or more third parties without regard to the accuracy or inaccuracy of what Trans Union reported.

44. On each such instance, Trans Union willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of Section 1681e(b).

45. Through Plaintiff's communications with Trans Union, Trans Union knew, or had sufficient reason to know, that when it prepared and sold a consumer report about Plaintiff, the information it was circulating was inaccurate and damaging to Plaintiff. Nevertheless, Trans Union took no measure

to stop painting a false and damaging picture about Plaintiff.

46. Plaintiff has suffered out-of-pocket loss as a result of Trans Union's willful and/or negligent violations of the FCRA including, without limitation, the premiums Plaintiff must spend for a credit monitoring service – a credit monitoring service that, ironically, further lined Trans Union's pockets.

47. As a direct and proximate result of Trans Union's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to economic and noneconomic loss such as loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

48. Upon information and belief, Trans Union has exhibited a pattern of refusing to follow reasonable procedures as mandated by the FCRA, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

49. Trans Union's pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff to statutory damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(2).

**WHEREFORE** Plaintiff prays for judgment in his favor and against Trans Union, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorneys' fees and costs; and

(e)     Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable in this lawsuit.

Respectfully submitted,

**/s/. Andrew M. Esselman**
Andrew M. Esselman #26113
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 140
Lee's Summit, MO 64064
Telephone: 816-246-7800
Facsimile: 855-523-6884
andrewe@creditlawcenter.com
Counsel for Plaintiff